**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PABLO URIEL FERNANDEZ, | Case No.: 3:26-cv-02137-RBM-AHG |
| Petitioner, | |
| v. | **ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |
| WARDEN, OTAY MESA DETENTION CENTER, | |
| Respondent. | **[Doc. 5]** |

Pending before the Court is Petitioner Pablo Uriel Fernandez's ("Petitioner") Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Amended Petition"). (Doc. 5.)  For the reasons set forth below, the Petition is **GRANTED IN PART**.

## I.   BACKGROUND

Petitioner, a native and citizen of Mexico, entered the United States without inspection in or around July 2014.  (Doc. 1-2 at 1; Doc. 5-1 ¶ 1.)  Petitioner continued to live in the United States for over 10 years and does not have a criminal record.  (Doc. 5-1 ¶ 1.)  On November 17, 2025, Petitioner was detained by border patrol agents while traveling to San Diego, California.  (*Id*. ¶ 2.)  Petitioner has been detained ever since without a bond hearing and his immigration case remains pending.  (*Id*. ¶¶ 2–4.)

On April 3, 2026, Petitioner, proceeding pro se, commenced this action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 1.)  Petitioner also requested that the Court provide him "a free lawyer of legal [a]ttorney . . . so that [he] can

1

effectively pursue [his] case." (Doc. 1-2 at 2; *see* Doc. 1 at 7.) On April 7, 2026, the Court referred the Petition to Federal Defenders of San Diego, Inc. for an evaluation of whether Petitioner is eligible for appointment of counsel. (Doc. 2 at 1–2.) On April 12, 2026, Petitioner, by and through counsel, filed the instant Amended petition. (Doc. 5.) Pursuant to this Court's Order (*see* Doc. 7), Respondents filed a Response to the Petition on April 23, 2026. (Doc. 8.) Petitioner filed a Traverse on April 28, 2026. (Doc. 9.)

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner claims his immigration detention without a bond hearing violates 8 U.S.C. § 1226(a), the Fifth Amendment's Due Process Clause, and the Administrative Procedures Act. (Doc. 5 at 3, 10, 17–18.) Respondents "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (Doc. 8 at 1–2.)

In light of Respondents' non-opposition, and the Court's previous orders concerning similarly situated petitioners, the Court finds that Petitioner is detained under 8 U.S.C. § 1226(a) and "his arrest and detention without a meaningful bond hearing [therefore violated] the Due Process Clause." *See N.A. v. LaRose*, No. 3:25-CV-03028-RBM-DEB, 2025 WL 3512412, at *5 (S.D. Cal. Dec. 8, 2025) (finding a petitioner who was not apprehended upon arrival and resided in the United States for 17 years was subject to § 1226's discretionary detention procedures and entitled to a bond hearing). The Court

2

therefore finds that Petitioner is entitled to a bond hearing.

Petitioner argues that the Court should order his immediate release because an immigration judge will not be a neutral decisionmaker. (Doc. 5 at 10–18.) In support, Petitioner cites to: (1) public reports indicating that bond hearings are "stacked against detainees from the start;" (2) other district courts noting "a pattern of immigration judges resisting or disregarding habeas orders;" (3) reports from former immigration judges; (4) policy memoranda from the Executive Office of Immigration Review "encouraging IJs to be non-neutral; and (5) a declaration from a local immigration attorney in another case attesting to a pattern of immigration judges resisting habeas orders. (*Id*. at 11–16.) The Court "declines to address the issues raised by Petitioner regarding the neutrality of immigration courts generally." *Sandesh v. LaRose*, Case No.: 26-cv-0846-JES-DDL, 2026 WL 622690, at *5 (S.D. Cal. Mar. 5, 2026). "It is axiomatic that the IJ must apply the proper legal standard to effectuate this Court's order for a bond hearing." *Id*. Indeed, "[d]istrict courts are better positioned to review the implementation of their orders in cases such as this after the bond hearing has occurred, so that the complete record in the case may be fairly evaluated." *Id*. (citing *Judulang v. Chertoff*, 562 F. Supp. 2d 1119, 1126 (S.D. Cal. 2008)). Accordingly, the Court finds that Petitioner is entitled to a bond hearing. *See N.A.*, 2025 WL 3512412, at *5 (concluding "due process requires [the petitioner] receive a bond hearing under § 1226.").[1]

## IV.    CONCLUSION

Based on the foregoing reasons, the Amended Petition (Doc. 5) is **GRANTED IN PART**. To the extent that Petitioner requests to be released from custody, the Petition is **DENIED**. Accordingly, the Court further **ORDERS** as follows:

1. Respondents are **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) **within ten (10) days** of the entry of this Order.

---

[1] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

3

3:26-cv-02137-RBM-AHG

2. At the bond hearing, Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.[2]

3. The immigration judge **SHALL** consider alternative conditions of release and Petitioner's ability to pay bond if he or she determines bond is appropriate.

4. Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention or based on concerns about interrupting court schedules.

5. Respondents **SHALL NOT** invoke the automatic stay procedure for bond appeals to the Board of Immigration Appeals.

6. Respondents **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel.

7. If the bond hearing is not conducted within ten days of the entry of this Order, Respondents shall release Petitioner from custody until it is determined that his detention is warranted under § 1226(a).

8. Respondents **SHALL FILE** a Notice of Compliance **within five (5) days** of providing Petitioner with a bond hearing, apprising the Court of the results of the hearing.

**IT IS SO ORDERED**.

DATE: May 1, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2] *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018).

4

3:26-cv-02137-RBM-AHG